UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------- x

LOUIS ORTIZ MACHADO,

                Plaintiff,

       -against-

CITY OF NEW YORK; Police Officers JOHN and JANE DOES 1 through 10, individually and in their official capacities, (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                Defendants.

------------------------------------------------------------- x

**COMPLAINT**

Jury Trial Demanded

CV 12 - 2549

COGAN, J.

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5. This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

6.  Plaintiff demands a trial by jury in this action.

## PARTIES

7.  Plaintiff Louis Ortiz Machado ("plaintiff" or "Mr. Machado") is a resident of Kings County in the City and State of New York.

8.  Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9.  At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

10. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

11. At all times relevant herein, all individual defendants were acting under color of state law.

2

## STATEMENT OF FACTS

12. At approximately 5:00 p.m. on March 21, 2012, plaintiff was lawfully in the vicinity of 391 Lorimer Street in Brooklyn, New York.

13. Plaintiff was returning to his home after work when he was illegally seized and searched without cause by NYPD officers.

14. Defendants struck plaintiff, slammed him into a door and tightly handcuffed him.

15. This use of excessive force by the officers caused plaintiff to suffer, *inter alia*, pain and swelling to his wrists.

16. Plaintiff was placed into a police van and driven around the neighborhood.

17. Plaintiff was eventually taken to a police precinct.

18. Approximately ten hours later plaintiff was transported to Brooklyn Central Booking.

19. The officers falsely informed employees of the Kings County District Attorney's Office that plaintiff had obstructed governmental administration.

20. The officers had not observed plaintiff obstructing governmental administration.

21. After spending approximately 48 hours in custody, plaintiff was arraigned and the criminal charges against plaintiff were adjourned in contemplation

of dismissal.

22. As a result of defendants' misconduct, plaintiff lost approximately two days of work.

23. Within ninety days after the claim alleged in this Complaint arose, a written notice of claim was served upon defendants at the Comptroller's office at 1 Centre Street, New York, New York.

24. At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

25. This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

26. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, damage to his reputation and loss of income.

## FIRST CLAIM
### Unlawful Stop and Search

27. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

28. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

29. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
### False Arrest

30. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

31. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

32. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### State Law False Imprisonment and False Arrest

33. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

34. By their conduct, as described herein, the individual defendants are liable to plaintiff for falsely imprisoning and falsely arresting plaintiff.

35. Plaintiff was conscious of his confinement.

36. Plaintiff did not consent to his confinement.

37. Plaintiff's confinement was not otherwise privileged.

38. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

39. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## FOURTH CLAIM
### Unreasonable Force

40. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

41. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

42. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### State Law Assault and Battery

43. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

44. By their conduct, as described herein, the defendants are liable to plaintiff for having assaulted and battered him.

6

45. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

46. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## SIXTH CLAIM
### Failure to Intervene

47. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

48. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

49. Accordingly, the defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

50.   As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED:   May 18, 2012
         New York, New York

HARVIS MARINELLI
SALEEM & WRIGHT LLP

_____

Robert Marinelli
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
rmarinelli@hmswlaw.com

*Attorney for plaintiff*
